UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID TROUPE,<br><br>                           Plaintiff,<br>    v.<br><br>SGT TRACY CORNISH, CUS KENNETH E. McKENNEY,<br><br>                           Defendants. | No. 14-5733 RBL/KLS<br><br>**ORDER GRANTING MOTION FOR PROTECTIVE ORDER – STAYING DISCOVERY PENDING DISPOSITIVE MOTIONS** |

Before the Court is Defendants' Motion for Protective Order. Dkt. 16. Defendants move to stay discovery pending adjudication of their summary judgment motion, which is ripe for review Dkt. 12. Plaintiff did not respond to the motion to stay discovery and has filed his response to the motion for summary judgment. Dkt. 14.

**BACKGROUND**

On September 23, 2014, Plaintiff filed a lawsuit under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights when they destroyed a sealed envelope addressed to defendant Cornish which plaintiff alleges contained a law suit and evidence. Dkt. 5.

ORDER - 1

Defendants have filed a motion for summary judgment seeking to dismiss Plaintiff's claims and based on the fact that Defendants are entitled to qualified immunity. Dkt. 12.

On December 1, 2014, Defendants received sets of Interrogatories containing a number of interrogatories propounded to each defendant. Dkt. 16-1, Declaration of Timothy Feulner, ¶ 2. On December 2, 2014, Defendants' counsel conferred with Plaintiff to discuss postponing discovery until after the Court's ruling on Defendants' dispositive motion. *Id.*, ¶ 3. The parties were unable to reach an agreement. *Id.*

**DISCUSSION**

The court has broad discretionary powers to control discovery. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Upon showing of good cause, the court may deny or limit discovery. Fed. R. Civ. P. 26(c). A court may relieve a party of the burdens of discovery while a dispositive motion is pending. *DiMartini v. Ferrin*, 889 F.2d 922, 926 (9th Cir. 1989), *amended by* 906 F.2d 465 (9th Cir. 1990); *Rae v. Union Bank*, 725 F.2d 478 (9th Cir. 1984).

When government officials raise the issue of qualified immunity, the Supreme Court has held that discovery should not proceed until the threshold issue of immunity has been resolved. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987); *DiMartini*, 889 F.2d at 926. In this case, Defendants assert that there is a serious question as to the merits of Plaintiff's Complaint and that they are entitled to qualified immunity.

A ruling on this motion may resolve all or some of Plaintiff's claims. Failing to stay discovery while the motion is pending will burden the State and waste State resources.

Accordingly, it is **ORDERED:**

(1)     Defendants' Motion for Protective Order (Dkt. 16) is **GRANTED**; all discovery shall be **STAYED** pending further order of this Court.

ORDER - 2

(2) The Clerk shall send a copy of this Order to Plaintiff and to counsel for Defendants.

**DATED** this 21st day of January, 2015.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3